IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DAVID E. BURDETTE, | ) | 8:08CV536 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| V. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| FRED BRITTEN, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

The court has conducted an initial review of the Petition for Writ of Habeas Corpus (filing no. 1) to determine whether the claims made by Petitioner are, when liberally construed, potentially cognizable in federal court.  Petitioner has made four claims.

Condensed and summarized for clarity, the claims asserted by Petitioner are:

Claim One:          Construed as a due process claim, "[t]he Nebraska Supreme Court erred [in its ruling] on evidence of other crimes" *because* evidence of the 1982 sexual assaults was over 16 years old, highly prejudicial, and the prejudice substantially outweighed any probative value.

Claim Two:[1]        Petitioner was denied the effective assistance of counsel *because* Petitioner's trial counsel (1) did not move to dismiss or quash the Information charging

---

[1]Claims Two and Three of this Memorandum and Order contain the claims set forth in the Petition as Grounds Two through Six.  (Filing No. 1 at CM/ECF pp. 6-9.)

Petitioner with Attempted First Degree Sexual Assault,[2] which deprived Petitioner of his "constitutional right regarding fair notice, due process and the right to trial by jury"; (2) did not challenge law enforcement's use of the Global Positioning Tracker or the evidence and arrest obtained as a result of its use, which deprived Petitioner of "the guaranteed[d] right of due process; (3) did not object to inadmissible hearsay testimony, which deprived Petitioner of "his right to due process anf [sic] confortation [sic] of adverse witnesses"; (4) did not have the rape kit tested; and (5) did not "have DNA testing done on fluid samples gathered at the Backhuus residence tested with the Backhuus Family therefore depriving [Petitioner of] evidence relevant to critical issue of identity."

Claim Three:          Petitioner was denied the effective assistance of counsel *because* Petitioner's appellate counsel (1) did not challenge the Information charging Petitioner with Attempted First Degree Sexual Assault on direct appeal, which deprived Petitioner of his "constitutional right regarding fair notice, due process and the right to trial by jury"; (2) did not challenge law enforcement's use of the Global Positioning Tracker or the evidence and arrest

---

[2]Petitioner argues that his trial counsel should have moved to dismiss or quash the Information because "there can be no inchoate offence [sic] of criminal att4mpt [sic] in regard to a substantive offense in which there is no element of intent." (Filing No. 1 at CM/ECF p. 6.)

2

obtained as a result of its use, which deprived Petitioner of "the guarantee[d] right of due process"; and (3) did not "challenge the sufficiency of the trial evidence" on direct appeal, which "denied [Petitioner] the due process guarantee of not being convicted of a crimr [sic] except upon proof of each materia [sic] element comprising the offencse(s) [sic]."

Claim Four:[3]   Construed as a due process claim, Petitioner was prejudiced by the admission of hearsay evidence *because* Deputy Randall Brunckhorst's testimony about the assailant's physical description caused unfair prejudice to Petitioner "due to the illusory weight and credibility laypersons lend to the testimony of law enforcement officers"; and Deputy John Pankonin's testimony that Petitioner stated "if he were to [commit a rape] today he would use a condom" was "especially damaging in light of the fact that condoms were found on [Petitioner's] person" at the time of his arrest.

Liberally construed, the court preliminarily decides that all four of Petitioner's claims are potentially cognizable in federal court. However, the court cautions that no determination has been made regarding the merits of these claims or any defenses thereto or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

---

[3]Claim Four of this Memorandum and Order contains the claim set forth in the Petition as Ground Four. (Filing No. 1 at CM/ECF pp. 6-8.)

Petitioner requests the appointment of counsel. (Filing No. 1.) "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson, 114 F.3d 754, 756 (8th Cir. 1997)*. As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire, 217 F.3d 556, 558-59 (8th Cir. 2000), cert. denied, 531 U.S. 984 (2000)*; *Hoggard v. Purkett, 29 F.3d 469, 471 (8th Cir. 1994)* (citations omitted). *See also* Rule 8(c) of the *Rules Governing Section 2254 Cases in the United States District Courts* (requiring appointment of counsel if an evidentiary hearing is warranted). In short, there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that:

1.   Upon initial review of the Petition for Writ of Habeas Corpus (filing no. 1), the court preliminarily determines that all four of Petitioner's claims, as set forth in this Memorandum and Order, are potentially cognizable in federal court.

2.   Petitioner's Motion for Appointment of Counsel (filing no. 1) is denied without prejudice to reassertion.

3.   The Clerk of the court is directed to mail copies of this Memorandum and Order and the Petition for Writ of Habeas Corpus (filing no. 1) to Respondent and the Nebraska Attorney General by regular first-class mail.

4.   By February 21, 2009, Respondent shall file a motion for summary judgment or an answer. The Clerk of the court is directed to set a pro se case management deadline in this case using the following text:

February 21, 2009: deadline for Respondent to file answer or motion for summary judgment.

5.      If Respondent elects to file a motion for summary judgment, the following procedures shall be followed by Respondent and Petitioner:

A.      The motion for summary judgment shall be accompanied by a separate brief, submitted at the time of the filing of the motion.

B.      The motion for summary judgment shall be supported by such state court records as are necessary to support the motion. Those records shall be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief, shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the record which are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner shall file and serve a brief in opposition to the motion for summary judgment. Petitioner shall submit no other documents unless directed to do so by the court.

5

E.   No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

F.   If the motion for summary judgment is denied, Respondent shall file an answer, a designation, and a brief that complies with the terms of this order. (See the following paragraph.)   The documents shall be filed no later than 30 days after the denial of the motion for summary judgment. ***Respondent is warned that the failure to file an answer, a designation, and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release***.

6.   If Respondent files an answer, the following procedures shall be followed by Respondent and Petitioner:

A.   No later than 30 days after the filing of the answer, Respondent shall file a separate brief.  Both the answer and brief shall address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See, e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

B.   The answer shall be supported by all state court records which are relevant to the cognizable claims. *See, e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District*

6

*Courts*. Those records shall be contained in a separate filing entitled: "Designation of State Court Records In Support of Answer."

C.   Copies of the answer, the designation, and Respondent's brief shall be served upon Petitioner except that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion shall set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.   No later than 30 days following the filing of Respondent's brief, Petitioner shall file and serve a brief in response. Petitioner shall submit no other documents unless directed to do so by the court.

E.   No later than 30 days after the filing of Petitioner's brief, Respondent shall file and serve a reply brief.

7.   No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254* Cases in the United States District Courts.

January 22, 2009.                    BY THE COURT:

                                     *S/Richard G. Kopf*
                                     United States District Judge

7